IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STACY L. DANLEY, II and STEPHANIE L. DANLEY, | ) ) ) |
| Appellants, | ) ) |
| v. | ) ) |
| LIBERTY BANK AND TRUST COMPANY, | ) ) ) |
| Appellee. | ) ) |

CASE NO. 3:15-CV-821-WKW
[WO]

## **MEMORANDUM OPINION AND ORDER**

Before the court are Appellants' Emergency Motion to Stay Foreclosure Pending Appeal (Doc. # 2) and Motion for Expedited Hearing on Emergency Motion to Stay Foreclosure (Doc. # 3). For the reasons that follow, the motions are due to be denied.

### I. BACKGROUND

This appeal arises from two loans made by Liberty Bank to the Danleys. One loan was secured by a mortgage on the Danleys' investment rental property. The other was secured by a mortgage on the Danleys' personal residence. Since Liberty Bank sent its initial notice of default with respect to these loans, the Danleys have initiated four separate bankruptcy actions. As of the date of this

order, the Danleys still owe almost $840,000 to Liberty Bank, more than $270,000 of which is in arrears. (Doc. # 1-1, at 18.)

After the Danleys initiated the instant Chapter 11 proceeding, Liberty Bank filed a motion for relief from the automatic stay. The bankruptcy court granted that relief pursuant to 11 U.S.C. § 362(d)(4)(B), which allowed Liberty Bank to continue with foreclosure. The Danleys moved unsuccessfully for an order altering, amending, or vacating that decision. (*See* Doc. # 1-3.) Appellants now seek review of the Order Granting Relief From Automatic Stay (Doc. # 1-2) and the Order Denying Motion to Alter and Amend (Doc. # 1-3). They request a stay of the impending foreclosure proceedings pending the outcome of this appeal. (Doc. # 2.)

## II.  DISCUSSION

This court has jurisdiction to decide the instant bankruptcy appeal. 28 U.S.C. § 158(a). An order granting relief from the automatic stay is final and appealable. *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989); *Matter of Chunn*, 106 F.3d 1239, 1241 (5th Cir. 1997). Accordingly, the merits of this application for stay will be considered.

The Danleys' Motion for Stay of Foreclosure is due to be denied. Rule 8007 of the Federal Rules of Bankruptcy Procedure authorizes district courts to stay orders of the bankruptcy court pending appeal. But allowing such a stay is an

"exceptional response granted only upon a showing of four factors: 1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *In re Land Ventures for 2*, No. 2:10cv839-MHT, 2010 WL 4176121, at *2 (M.D. Ala. Oct. 18, 2010) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

Upon consideration of the record in this case, it is evident that the Danleys fail to make a sufficient showing to satisfy this standard. At the very least, Liberty Bank would suffer substantial harm from issuance of the stay. It is also unclear how the public interest would be served by preventing the foreclosure sale from proceeding as scheduled. Because a hearing is unnecessary for a determination on this issue, the Motion for Expedited Hearing is also due to be denied.

### III.  Conclusion

Accordingly, it is ORDERED that the Emergency Motion to Stay Foreclosure Pending Appeal (Doc. # 2) is DENIED. It is further ORDERED that the Motion for Expedited Hearing on Emergency Motion to Stay Foreclosure (Doc. # 3) is DENIED.

DONE this 4th day of November, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE