IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| STACY L. DANLEY, II and STEPHANIE L. DANLEY, Appellants, v. LIBERTY BANK AND TRUST COMPANY, Appellee. | CASE NO. 3:15-cv-00821-JAR |

# MEMORANDUM OPINION AND ORDER

Appellants Stacy L. Danley, II and Stephanie L. Danley (collectively, "the Danleys") appeal from a decision of the U.S. Bankruptcy Court for the Middle District of Alabama. The bankruptcy court denied the Danleys' motion to alter, amend, or vacate its September 17, 2015 order, in which it granted in rem relief to the Appellee Liberty Bank and Trust Company ("Liberty") from an automatic stay, and the bankruptcy court denied as moot the Danleys' motion to extend the automatic stay. See In re Danley, 540 B.R. 468, 470 (Bankr. M.D. Ala. 2015) ("Danley I"). Before the court are two motions made by the Danleys: Appellants' Motion to Amend the Notice of Appeal, ECF No. 24 ("Danleys' Mot. to Amend Appeal"), and Defendants' Motion to Supplement the Record on Appeal, ECF No. 26 ("Danleys' Mot. to Suppl. R."). Also before the court is Liberty's Motion to Dismiss Appeal, ECF No. 14 ("Liberty's Mot. to Dismiss"). For the reasons stated below, the Danleys' motions to amend the notice of appeal and to supplement the record are denied and Liberty's motion to dismiss the appeal is granted.

## BACKGROUND

This dispute arises from two loans made by Liberty to the Danleys. On September 1, 2005, Liberty loaned the Danleys $264,000 in principal ("Rental Properties Loan"), which was secured by a mortgage on real property of three rental properties[1] purchased as an investment by the Danleys. Danley I, 540 B.R. at 470; see Am. Pet. & Schedules at 19, In re Danley, No. 07-31868 (Bank. M.D. Ala. Dec. 14, 2007) ("2007 Petition"), DE 15.[2] On September 21, 2006, Liberty loaned the Danleys $425,000 in principal ("Personal Residence Loan"), which was secured by a mortgage on the Danleys' personal residence.[3] Danley I, 540 B.R. at 470.

The present bankruptcy case follows three prior bankruptcy filings[4] by the Danleys and one civil action filed by the Danleys relating to the aforementioned properties. Id. at 470–72 (describing the prior litigations in more detail). The Danleys filed the present bankruptcy under Chapter 11, but the bankruptcy court, by motion of the bankruptcy administrator, later converted the case to Chapter 7. In re Danley, No. 15-80960-WRS, 2016 WL 3680068, at *2 (Bankr. M.D. Ala. July 11, 2016) ("Danley II"). As of November 2, 2015, "[t]he Danleys owe[d] Liberty . . .

---

[1] These properties referred to as the "rental properties" are more specifically: 836 N. Donahue Dr., Auburn, AL, 514 Hutchinson Ct., Auburn, AL, and 848 N. Donahue Dr., Auburn, AL. See Order Granting Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d)(4)(B) at 2, DE 58 ("Order Granting Relief from Automatic Stay").

[2] Although First Tuskegee Bank was the original lender, the court refers simply to Liberty because First Tuskegee Bank later merged into Liberty and Liberty now owns the relevant mortgages. Danley I, 540 B.R. at 470 n.2.

[3] This residence refers to the property located at 2267 Potomac Dr., Auburn, AL. Order Granting Relief from Automatic Stay at 2.

[4] Two of the three bankruptcies were filed jointly. The third bankruptcy, a Chapter 13 bankruptcy, was filed solely by Stephanie Danley. Pet., In re Danley, No. 14-80885 (Bank. M.D. Ala. July 20, 2014), DE 1.

almost $840,000 on their combined loans, [with] more than $270,000 in arrears on them." Danley I, 540 B.R. at 475.

After the bankruptcy court granted Liberty in rem relief[5] from the automatic stay that existed as a result of the Danleys' filing of the present action, the Danleys appealed. Notice of Appeal 1–2, ECF No. 1-1. On appeal, the court denied the Danleys' Emergency Motion to Stay Foreclosure Pending Appeal, ECF No. 2, thereby allowing Liberty to foreclose on the properties. See Mem. Op. & Order 1, ECF No. 5. On November 5, 2015, Liberty conducted foreclosure sales on the Danleys' personal residence and on the rental properties, in which Liberty itself was the successful bidder for all of the properties. See Liberty's Mot. to Dismiss at Exs. A–B.

The Danleys, acting pro se, moved this court to amend their notice of appeal to include a challenge to the bankruptcy court's order converting the bankruptcy from a Chapter 11 to a Chapter 7 case. See Danleys' Mot. to Amend Appeal at 2;[6] see also Appellants' Resp. to the Appellee's Resp. in Opp'n to Mot. to Amend Notice of Appeal, ECF No. 31 ("Danleys' Reply Mot. to Amend Appeal"). Accordingly, the Danleys' request that the court supplement the

---

[5] The statute allows the bankruptcy court to grant "in rem" relief pursuant to 11 U.S.C. § 362(d)(4), so that "an order entered under [that provision] shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court[.]" See also Alakozai v. Citizens Equity First Credit Union (In re Alakozai), 499 B.R. 698, 702 (B.A.P. 9th Cir. 2013) ("That provision permits the bankruptcy court to grant so-called "in rem" relief from the automatic stay to the creditor to address schemes using bankruptcy to thwart legitimate foreclosure efforts through one or more transfers of interest in real property or, as was apparently the situation here, multiple bankruptcy filings affecting the subject in rem property."); Danley I, 540 B.R. at 476. A debtor may later "move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing." 11 U.S.C. § 362(d)(4).

[6] The Danleys twice filed motions before the court to amend their notice of appeal. As these motions are substantively identical, the court discusses them as one motion and denies them both. Compare Mot. to Amend Appeal, ECF No. 24, with Mot. to Amend Appellants [sic] Notice of Appeal, ECF No. 19.

record with the documents pertaining to the bankruptcy court's conversion order.  See Danleys' Mot. to Suppl. R. at 1.

Although Liberty does not oppose the Danleys' motion to supplement the record, see Response to Motion to Supplement Record on Appeal, ECF No. 29, Liberty argues the Danleys did not properly file their amended notice of appeal and the motion to amend should be denied. See Resp. in Opp'n to Mot. to Amend Notice of Appeal, ECF No. 30.  Regarding the main appeal, Liberty argues that the Danleys' entire appeal is now moot because the property has been foreclosed upon and the statutory right of redemption does not save the Danleys' appeal.  See Liberty's Mot. to Dismiss at 3–4; Reply in Supp. of Mot. to Dismiss Appeal 1–3, ECF No. 22 ("Liberty Reply Mot. to Dismiss").  Liberty also argues that the Danleys' Motion to Amend the Notice of Appeal is also moot because the trustee has filed his report of no distribution, meaning "there is no relief which would be of benefit to the [Danleys] from the reversal of the conversion order and the continuance of the case as a Chapter 11 case."  Suppl. Resp. in Opp'n to Mot. to Amend Notice of Appeal 1–2, ECF No. 32.

The Danleys respond that an actual controversy between the parties exists because certain issues remain "live" and because the court should adopt the exception to the mootness doctrine discussed in Sun Valley Ranches, Inc. v. Equitable Life Assurance Society of the U.S. (In re Sun Valley Ranches, Inc.), 823 F.2d 1373, 1375 (9th Cir. 1987).  See Appellant's Am. Resp. to the Appellee's Mot. to Dismiss 2–3, ECF No. 25 ("Danleys' Resp. to Mot. to Dismiss").  They also argue the merits of the case.  Id. at 3–5.

### JURISDICTION AND STANDARD OF REVIEW

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(G).  The court has jurisdiction pursuant to 28 U.S.C. § 158(a), acting as an appellate court.  See also 28 U.S.C.

4

§ 1334(b).  In so doing, the court reviews the bankruptcy court's legal conclusions de novo, but reviews factual determinations under the clearly erroneous standard.  See First Union Real Estate Equity and Mortg. Invs. v. Club Assocs. (In re Club Assocs.), 956 F.2d 1065, 1069 (11th Cir. 1992); Equitable Life Assurance Soc'y v. Sublett (In re Sublett), 895 F.2d 1381, 1383–84 (11th Cir. 1990).  The court "is not authorized to make independent factual findings."  In re Club Assocs., 956 F.2d at 1069 (citing In re Sublett, 895 F.2d at 1383–84).

## DISCUSSION

**I.     Motions to Amend the Notice of Appeal and Supplement the Record**

Appeals of a bankruptcy court order are subject to the time limits provided for in Federal Rule of Bankruptcy Procedure ("Rule") 8002.  See Fed. R. Bankr. P. 8003(a)(1), 8004(a)(1).  Typically, a notice of appeal must be filed with the bankruptcy court clerk "within 14 days after entry of the judgment, order, or decree being appealed," but may be tolled by a motion to alter or amend the judgment.  Id. at 8002(a)(1), 8002(b)(1)(B); see also Williams v. EMC Mortg. Corp. (In re Williams), 216 F.3d 1295, 1298 (11th Cir. 2000) (noting that the timeliness requirement is jurisdictional).  Moreover, "[i]f a party intends to challenge an order disposing of [such a motion to alter or amend the judgment] . . . the party must file a notice of appeal or an amended notice of appeal . . . [that] compl[ies] with Rule 8003 or 8004."[7]  Fed. R. Bankr. P. at 8002(b)(3).  Procedural rules apply with equal force to pro se litigants.  See McNeil v. United States, 508 U.S. 106, 113 (1993); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

---

[7] The court need not decide whether the Danelys' appeal of an order converting a bankruptcy pursuant to 11 U.S.C. § 1112 should have been filed as an appeal by leave under Rule 8004, which deals with appeals from certain interlocutory orders, or an appeal by right under Rule 8003, which primarily concerns appeals from final orders.  Either way, the result is the same because both options for filing an appeal have similar requirements, which as discussed the Danleys failed to meet.  Compare Fed. R. Bankr. P. 8003, with id. at 8004.

The Danleys' attempt to appeal, which challenges the bankruptcy court's conversion order and the denial of the Danleys' motion to alter or amend the bankruptcy court's conversion order, was improper. The Danleys' amended notice of appeal did not comply with Rules 8003 or 8004, as required by Rule 8002. The Danleys amended notice of appeal should have at the very least been accompanied by the conversion order, from which the Danleys intended to appeal. See Fed. R. Bank. P. 8002(b)(3), 8003(a)(3)(B), 8004(b)(1)(E). The Danleys did not include this information. They filed their amended notice of appeal on February 29, 2016. See Danleys' Mot. to Amend Appeal at 2. After Liberty brought this failure to the Danleys' attention, the Danleys, on May 18, 2016, even acknowledged that they failed to file the proper documents with their amended notice of appeal, arguing that any such omission should be chalked up to "excusable neglect." See Danleys' Reply Mot. to Amend Appeal at 7–8. Even if the court were sympathetic to this argument, the Danleys still to this day have not filed the relevant paperwork, more than five months after their motion to amend the notice of appeal was filed. Their continued neglect will not be excused. Indeed, their insincere attempt to appeal apparently is simply another attempt to delay and to prevent Liberty from realizing its economic interest in finalizing this litigation, ultimately wasting judicial resources. Instead, the only appropriate course is to deny the Danleys' Motion to Amend the Notice of Appeal. Accordingly, the court denies the Danleys' Motion to Supplement Record on Appeal, with documents pertaining to the conversion order because any such documents do not appear relevant to this case and, as detailed below, are not necessary to fully adjudicate this matter.

**II.     Liberty's Motion to Dismiss the Appeal**

Article III of the U.S. Constitution limits the court's jurisdiction to active "cases" or "controversies." U.S. Const. art. III, § 2. Under this requirement, federal courts do not have

jurisdiction over moot actions because such an action "cannot be characterized as an active case or controversy." Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002) (quoting Adler v. Duval Cty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997)).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" i.e., "when [the court can] no longer . . . give meaningful relief."  Id. (alteration in original) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969); Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216–17 (11th Cir. 2000)).

The Eleventh Circuit has explained in the bankruptcy context that "when the debtor fails to obtain a stay pending appeal of the bankruptcy court's or the district court's order setting aside an automatic stay and allowing a creditor to foreclose on a property, the subsequent foreclosure and sale of the property renders moot any appeal."  Gwinnett Bank & Trust Co. v. Matos (In re Matos), 790 F.2d 864, 865 (11th Cir. 1986).  This is because the "court is powerless to rescind the sale on appeal."  Markstein v. Massey Assocs., Ltd., 763 F.2d 1325, 1327 (11th Cir. 1985).  This rule "provide[s] finality to orders of bankruptcy courts and . . . protect[s] the integrity of the judicial sale process upon which good faith purchasers rely."  Id.

The Danleys' appeal, which challenges the bankruptcy court's orders granting relief from an automatic stay, has been mooted because Liberty has now foreclosed on both the rental properties and the personal residence.  After publishing notice of the foreclosure sale, on November 5, 2015, Liberty held two foreclosure sales, one for the rental properties and one for the personal residence property.  See Liberty's Mot. to Dismiss at Exs. A–B.  Liberty was the successful bidder at both sales.  Id.; see also Miami Ctr. Ltd. P'ship v. Bank of N.Y., 838 F.2d 1547, 1554 (11th Cir. 1988) (rejecting an argument that the mootness rule does not apply where

the buyer at the foreclosure sale is a party to the litigation).  Therefore, the Danleys' failure "to obtain a stay" and "the subsequent foreclosure and sale of the property renders moot [their] appeal."  See In re Matos, 790 F.2d at 865; see also Markstein, 763 F.2d at 1327 n.1 ("[C]ourts have dismissed the entire appeal as moot in situations such as the present.").

The Danleys' attempts to craft live cases or controversies fail.  The Danleys argue they have a live case or controversy because:  (1) "their appeal includes the Bankruptcy courts [sic] 'entire' order," (2) the appeal challenges the bankruptcy court's finding of bad faith in granting Liberty in rem relief, (3) the bankruptcy court's memorandum of decision that "considered evidence that was not before the court . . . is also a live actual controversy between the parties," (4) "the matter of statutory rights of redemption remains live" and is an exception to mootness that this court should recognize, and (5) the issue of the amended notice of appeal is also before the court.  Danleys' Resp. to Mot. to Dismiss at 2–3.  Their first three arguments are direct challenges to the bankruptcy court's orders granting relief from the automatic stay, which, as discussed, are now moot because following foreclosure, the court can no longer provide meaningful relief.  Unlike in Markstein, where an appellant identified "some [other] equitable relief" still potentially available to it, the Danleys have failed to identify any other relief that might be appropriate here, nor does any other relief appear appropriate.  See 763 F.2d at 1327.

Similarly, the Danleys are incorrect that the statutory right of redemption provides an exception to the mootness doctrine here.  The Danleys cite In re Sun Valley Ranches, Inc., but in that case the Ninth Circuit expressly departed from Eleventh Circuit precedent when it recognized an exception to mootness based on whether or not the right of redemption existed.  823 F.2d at 1375 ("We decline to follow the Eleventh Circuit's contrary position.").  Indeed, recognizing such an exception appears inconsistent with Eleventh Circuit cases, which have

tyically dismissed entire appeals following a foreclosure action when the debtor has failed to show that any other equitable relief would be appropriate. See Markstein, 763 F.2d at 1327 & n.1. Regardless, even if the Eleventh Circuit were to move in the direction of the Ninth Circuit on this issue it appears that the right of redemption would not save the Danleys here, as they have likely forfeited that right.[8] The Danleys have done nothing here to demonstrate that any right of redemption remains. Thus, the Danleys' appeal is now moot.

## CONCLUSION

For the foregoing reasons, it is ORDERED that the Danleys' motions to amend the notice of appeal and supplement the record are DENIED and Liberty's motion to dismiss is GRANTED.

Dated: July 29, 2016
      New York, New York

/s/ Jane A. Restani
Jane A. Restani
Judge

---

[8] Under Alabama law, a debtor forfeits the statutory right of redemption if the debtor fails to comply with the statutory requirements, such as by failing to deliver possession of the land "within 10 days after written demand for the possession has been made." Ala. Code § 6-5-251 (1975). At least with respect to the personal residence property, the bankruptcy court in a recent decision has held that the Danleys forfeited their statutory right of redemption by failing to comply with Liberty's demand. See Danley II, 2016 WL 3680068, at *4.