IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| STACY L. DANLEY, II and STEPHANIE L. DANLEY, <br><br> Appellants, <br><br> v. <br><br> LIBERTY BANK AND TRUST COMPANY, <br><br> Appellee. | ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 3:15-cv-00821-JAR |

## MEMORANDUM OPINION & ORDER

Before the court is Appellants Stacy L. Danley, II and Stephanie L. Danley's (collectively, "the Danleys") Application for Rehearing, ECF No. 36 ("Reh'g Appl."). The Danleys raise two challenges to the court's Memorandum Opinion & Order, ECF No. 34 ("Mem. Op."), in which the court denied the Danleys' motions to amend the notice of appeal and to supplement the record and granted Liberty Bank and Trust Company's ("Liberty") motion to dismiss the appeal as moot. First, the Danleys argue that the court should not have dismissed their motions to amend their notice of appeal because the court too strictly required the Danleys, who appeared pro se, to abide by procedural requirements, and the Danleys reasonably believed they had properly filed their motions. Reh'g Appl. at 4–14; see Appellants' Mot. to Amend the Notice of Appeal, ECF No. 24; Mot. to Amend Appellants [sic] Notice of Appeal, ECF No. 19. Second, the Danleys contend that their appeal is not moot because there is still a live controversy with regard to the portion of the decision by the U.S. Bankruptcy Court for the Middle District of Alabama (the "bankruptcy court") granting "in rem" relief and because the potential for a right of redemption exists. Reh'g Appl. at 14–15.

The court may, in its discretion, grant a motion for rehearing when there is newly-discovered evidence or if its previous decision contained manifest errors of law or fact. Kellogg v. Schreiber (In re Kellogg), 197 F.3d 1116, 1119 (11th Cir. 1999); see also Tucker v. Mukamal, No. 13-mc-23425-MARRA, 2015 WL 10986356, at *1 (S.D. Fla. Feb. 11, 2015) (recognizing that district courts under the U.S. Court of Appeals for the Eleventh Circuit have "applied the same standard to motions for rehearing under [Federal Rule of Bankruptcy Procedure 8022] as is applied to motions for reconsideration under Federal Rule of Civil Procedure 59(e)" (quoting Daniels v. Gebhardt (In re Daniels), No. 1:12-CV-4181-WSD, 2014 WL 547176, at *3 (N.D. Ga. Feb. 10, 2014)). A motion for rehearing should not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)). Because the Danleys are attempting to simply relitigate arguments already decided, see Mem. Op. at 5–9, the court denies the Danleys' application for rehearing and briefly addresses each of the Danleys' contentions. The court presumes familiarity with the case as described in its previous opinion. See id. at 1–5.

The court did not rely on manifest errors of law or fact in denying the Danleys' motion to amend their notice of appeal. As the court has already noted, even when acting pro se, the Danleys are required to abide by procedural requirements. See Mem. Op. at 5 (citing McNeil v. United States, 508 U.S. 106, 113 (1993); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007)). The Danleys cite to Haines v. Kerner, 404 U.S. 519, 520 (1972), and Hudson v. Hardy, 412 F.2d 1091, 1094 (D.C. Cir. 1968), to argue that they, as pro se litigants, should have been afforded leniency. Their reliance on those cases is misplaced as neither case holds that pro se litigants are not required to abide by procedural requirements, such as filing requirements. In

2

Haines, the Supreme Court provided that a pro se litigants' pleadings should be liberally construed, 404 U.S. at 519–20, and in Hudson, the U.S. Court of Appeals for the District of Columbia provided that a pro se prisoner should be provided notice by the court of the consequences of failing to respond to a motion for summary judgment before summary judgment could be entered against him, 412 F.2d at 1094.  Indeed, in McNeil, which the court cited in its previous opinion, see Mem. Op. at 5, the Supreme Court explicitly acknowledged its holding in Haines but continued by clarifying that it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." 508 U.S. at 113.  And, Albra, which the court also previously cited, see Mem. Op. at 5, is factually analogous to the Danleys' case.  In Albra, the Eleventh Circuit affirmed a district court's dismissal of a pro se plaintiff's action against a defendant because the pro se plaintiff failed to perfect service when he mailed a copy of the summons but failed to include the complaint.  490 F.3d at 828–29.  The Danleys, similarly, failed to perfect their notice of appeal when they failed to attach the conversion order.  Thus, the Danleys have failed to explain why these procedural filing requirements do not or should not apply to them.

And, the Danleys have not demonstrated that they should be excused for their failure to attach the conversion order.  Despite the Danleys' contention, it does not appear likely that the clerk's office, which successfully docketed two copies on two different days of the Danleys' motion to amend their notice of appeal, twice lost the Danleys' copy of the conversion order.  And, even though the Danleys argue that they relied on the court's April 21, 2016 order directing Liberty to file a response as reason to believe that the court had received a perfected copy of their motion, the Danleys are simply "rais[ing] argument[s] . . . that could have been raised prior to the entry of judgment," but they have not previously done so.  See Arthur, 500 F.3d at 1343

(quoting Michael Linet, Inc., 408 F.3d at 763).  In addition, Liberty's Response in Opposition to Motion to Amend Notice of Appeal 5, ECF No. 30, which was filed on May 1, 2016, put the Danleys on notice that their motion was improperly filed.  The Danleys acknowledged Liberty's argument on May 18, 2016, but continued to fail to remedy their error.  See Appellants' Resp. to the Appellee's Resp. in Opp'n to Mot. to Amend Notice of Appeal 7–8, ECF No. 31.  Notably, the Danleys' application for rehearing, which includes copies of its motions to amend the notice of appeal, continues to not include the conversion order.  See ECF No. 36-1.  The Danleys have not provided any additional reasons why their failure to abide by these basic procedural rules should constitute excusable neglect, and the court sees none.  Instead, their application for rehearing follows their pattern of using litigation to delay and prevent Liberty from realizing its economic interest.  See Mem. Op. at 2–3.

      Furthermore, the Danleys have not demonstrated that the court relied on manifest errors of law or fact in concluding that their appeal is moot.  The court squarely addressed the Danleys' arguments once before.  See Mem. Op. at 8–9.  In short, under Eleventh Circuit precedent, a right of redemption does not provide an exception to the mootness doctrine, and the Danleys reliance on U.S. Court of Appeals for the Ninth Circuit precedent is misplaced.  Id.  And, although the Danleys attempt to further elucidate why there is still a live controversy regarding the bankruptcy court's order granting "in rem" relief, their vague statement that "they would be precluded [in some other potential litigation] from exercising certain established rights and defenses" is not sufficient.  See Reh'g Appl. at 14.  Instead, "in rem" relief is designed to prevent abuse of bankruptcy litigation and pertains to the properties at issue, see 11 U.S.C. § 362(d)(4), which are all now owned by Liberty because Liberty successfully bid on the properties at a foreclosure sale.  See Liberty's Mot. to Dismiss Appeal Exs. A–B, ECF No. 14.  Because the

Danleys no longer own the properties at issue, they have not met their burden to show that they have a cognizable interest in any order pertaining to the property or how the court could afford meaningful relief.  See Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002) (providing the legal standard for mootness); Gwinnett Bank & Trust Co. v. Matos (In re Matos), 790 F.2d 864, 865 (11th Cir. 1986) (explaining that "foreclosure and sale of the property renders moot any appeal").

    Thus, for the reasons stated, the Danleys' Application for Rehearing, ECF No. 36, is DENIED.

                                                                /s/ Jane A. Restani

Dated: August 22, 2016                                                Jane A. Restani
       New York, New York                                         Judge